FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2006 JAN 30 PM 3: 18

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| PROTEIN INGREDIENT TECHNOLOGIES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORTRESS SYSTEMS, LLC d/b/a FSI NUTRITION, a Nebraska Limited Liability Company,<br><br>Defendant. | Case No. 4:05-cv-3268<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties hereto, through their respective counsel, consent to entry of a protective order pursuant to the provisions of Fed. R. Civ. P. 26(c), and request that the Court enter a protective order as is now set forth:

PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED AS FOLLOWS:

1. **Confidential Information**

Each party may designate as confidential (i) those documents produced in response to discovery requests, whether formal or informal, which constitute or reflect proprietary or confidential business information; or (ii) deposition testimony concerning any such documents or matters. Such materials are hereinafter referred to as "Confidential Information."

2. **Use of Confidential Information**

All Confidential Information shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever. Specifically, no party or

person shall use Confidential Information for private business purposes or to compete with any party. A party shall not be precluded, however, from using for business or other purposes information already known to it or in the public domain. To the extent a party believes it should be able to use any previously known or public information which the other party has designated as Confidential Information, it shall follow the procedure outlined in paragraph 9 below.

3. **Identification of Confidential Information**

The parties shall designate Confidential Information by placing the word "Confidential" on each document and page thereof which contains confidential information and, in the case of an interrogatory answer, the specific portion of such answer which contains confidential information. Where the information is in a format in which it is difficult to affix a "Confidential" designation on the pages, the designation may be made in any reasonable manner.

4. **Protection of Confidentiality**

Confidential Information and any notes, summaries or compilations thereof or other documents which include such Confidential Information shall be retained by trial counsel of record (and employees of trial counsel) and, except as provided herein, shall not be disclosed to any person or used by counsel for any party other than for purposes of this action. Persons to whom access to Confidential Information is given pursuant to this Protective Order shall keep such information and any copies, abstracts or summaries thereof secured in accordance with the purposes and intent of this Protective Order and shall employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure, including, without limitation, such

precautions as protection against copying and provision for safekeeping. Confidential Information shall be used for purposes of this litigation only and may not be used for any business purpose whatsoever.

## 5. Access to Confidential Information

Persons entitled to have access to Confidential Information which is designated as "Confidential" shall be restricted to the counsel of record who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of this action, employees or agents of such counsel, outside experts retained by the parties or counsel, and designated employees of the parties who reasonably need access to such information for the prosecution of this action.

## 6. Conditions to Access Confidential Information

Before disclosure of Confidential Information is made to any person other than counsel of record, that person shall first read a copy of this Protective Order and in writing agree to be bound by its terms by executing a "Confidentiality Agreement" in the form appended hereto as Exhibit A. Counsel shall maintain a list of all persons to whom that party discloses the other party's (or non-party's) Confidential Information and shall retain a copy of all Confidentiality Agreements signed by such persons.

## 7. Confidential Information to be Filed with the Court Under Seal

Any Confidential Information identified as such pursuant to paragraph 2 above that is filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, the word "CONFIDENTIAL" a statement substantially in the following form:

CONFIDENTIAL

This envelope contains Confidential Information and is not to be opened and its contents are not to be disclosed to any person other than the Court or its clerks except by order of the Court, or upon stipulation of the parties.

The fact that the entire transcript, answer or response is filed under seal shall not thereby restrict any use which may be made of any part of such transcript, answer or response not designated as confidential.

8. **Time for Designation of Confidential Information**

At the time of a deposition, if possible, but not later than thirty (30) days following the date of receipt of the deposition transcript by trial counsel of record the parties shall designate those portions of the deposition testimony deemed to contain Confidential Information.

9. **Dispute as to Confidentiality**

Any party or person may contest the status of any Confidential Information so designated. If any party or person disagrees with any designation or failure to designate, he or she shall notify counsel for the other parties and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the contesting person or party may move the Court for an order striking the designation. The designated information shall continue to be kept confidential unless and until the Court rules otherwise.

Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using (a) its own documents and information which that party produces or discloses in this action, or (b) any matter produced or

disclosed in this action not subject to this Protective Order and not designated as "Confidential."

Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order and may designate documents or deposition testimony as "Confidential" in the manner, and subject to the same protections, set forth above.

**10. Amendment**

This Protective Order may be amended by the written agreement of counsel for the parties in the form of a stipulation that shall be "so ordered" by the Court and filed herein, or upon application to the Court for good cause shown.

**11. Disposition on Termination of Action**

After the final termination of this action and unless the parties agree otherwise, the parties shall return to counsel for the other all Confidential Information produced by the other party, including copies and any compilations or summaries thereof.

**12. Violation of this Protective Order**

The Court shall retain jurisdiction for the purpose of enforcing this Protective Order and may enter whatever order is necessary, including the injunctive relief or for damages, to adequately protect the parties' interest in any Confidential Information.

SO ORDERED:

DATED: Jan. 30, 2006

_____
Magistrate Judge David L. Piester

# CONSENT TO PROTECTIVE ORDER

The parties hereto, through their respective counsel, hereby consent to entry of the foregoing Protective Order.

PROTEIN INGREDIENT
TECHNOLOGIES, INC., a Delaware
Corporation

By    /s/ Aimee D. Dayhoff
Aimée D. Dayhoff, #0319041
Winthrop & Weinstine, P.A.
225 South Sixth Street - Suite 3500
Minneapolis, MN 55402-4629
Telephone   (612) 604-6400
Facsimile   (612) 604-6800
adayhoff@winthrop.com
Attorneys for Plaintiff


FORTRESS SYSTEMS, LLC d/b/a FSI
NUTRITION, a Nebraska limited Liability
Company, Defendant,

By:   /s/ Elizabeth M. Callaghan
Elizabeth M. Callaghan # 22238
William L. Biggs, #10937
GROSS & WELCH, P.C., L.L.O.
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124
Telephone   (402) 392-1500
Facsimile   (402) 991-9176
ecallaghan@grosswelch.com
bbiggs@grosswelch.com

# EXHIBIT A

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

  I am fully familiar with the Protective Order of the District Court issued on the ___ day of _____, 2006, in the case of *Protein Ingredient Technologies, Inc., a Delaware Corporation, v. Fortress Systems, LLC d/b/a FSI Nutrition, a Nebraska Limited Liability Company*, Case No. 4:05-cv-3268, a copy of which Protective Order has been delivered to me to keep with my copy of this Confidentiality Agreement, and I agree to be bound by all terms of said Protective Order. I agree that breach of the terms of this Confidentiality Agreement and the Protective Order would place me in contempt of the Court and would be directly actionable by any person or entity whose confidential information is disclosed in violation of this Confidentiality Agreement and the Protective Order, at law and equity. I understand that the term "Confidential Information" has the meaning provided in said Protective Order.

_____
(Signature)

_____
(Name Printed)

_____
(Street Address)

_____
(City)  (State) (Zip Code)

Subscribed and sworn to before me this ___ day of _____, 200___.

_____
Notary Public